**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Tod A. DiTommaso

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOD A. DITOMMASO,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC; AND, LAW OFFICE OF SUSAN ADDISON BLUSH, P.C.<br><br>Defendants. | Case No.:  '12CV2074 W    JMA<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

///

*(left margin, vertical text)* KAZEROUNI LAW GROUP, APC / 2700 N. Main Street, Ste. 1000 / Santa Ana, California 92705

1   1.   The United States Congress has found abundant evidence of the use of abusive, deceptive,
2        and unfair debt collection practices by many debt collectors, and has determined that
3        abusive debt collection practices contribute to the number of personal bankruptcies, to
4        marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress
5        wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to
6        eliminate abusive debt collection practices by debt collectors, to insure that those debt
7        collectors who refrain from using abusive debt collection practices are not competitively
8        disadvantaged, and to promote consistent State action to protect consumers against debt
9        collection abuses.

10  2.   Tod A. DiTommaso, ("Plaintiff"), through Plaintiff's attorneys, brings this action to
11       challenge the actions of CACH, LLC (individually referred to as "CACH" or collectively
12       referred to as "Defendants") and Law Office of Susan Addison Blush, P.C. (individually
13       referred to as "Blush" or collectively referred to as "Defendants") with regard to attempts
14       by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and
15       this conduct caused Plaintiff damages.

16  3.   Plaintiff makes these allegations on information and belief, with the exception of those
17       allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on
18       personal knowledge.

19  4.   While many violations are described below with specificity, this Complaint alleges
20       violations of the statutes cited in their entirety.

21  5.   Unless otherwise stated, all the conduct engaged in by Defendants took place in
22       California.

23  6.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did
24       not maintain procedures reasonably adapted to avoid any such violation.

25  ///
26  ///
27  ///
28  ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692(k).

8.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9.   Because Defendants do business within the County of San Diego, State of California, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11.  Plaintiff is a natural person who resides in Los Angeles, California.

12.  Defendant, CACH, is located in Denver, Colorado.

13.  Defendant, Blush, is located in Montclair, California.

14.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

16.  Defendant Blush is, and at all relevant times was, an employee or agent of Defendant CACH acting within the course and scope of its employment, and there was a causal nexus between Defendant Blush's acts and its employment.   Consequently, any subsequent illegal actions by Defendant Blush were the responsibility of Defendant CACH, vicariously, under the doctrine of Respondeat Superior, or other vicarious liability theories, and Defendant CACH is liable for those acts.

///

///

///

///

**FACTUAL ALLEGATIONS**

17.   Sometime prior to April 27, 2012, Plaintiff is alleged to have incurred certain financial obligations.

18.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19.   Sometime thereafter, but before April 27, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

20.   Subsequently, but before April 27, 2012, the alleged debt was assigned, placed, or otherwise transferred, to CACH for collection.

21.   Subsequently, CACH, a debt collector pursuant to the FDCPA, retained Blush, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

22.   Pursuant to the instructions of CACH, Blush, in the name of CACH, then filed a state case against Plaintiff on April 27, 2012 based on the consumer account that was allegedly in default, California State Case No. 12C01405.

23.   The purpose of this case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action and pay Defendants money.

24.   This practice of running roughshod over California consumers through these false, deceptive, and misleading representations to state courts has been brought the attention of California legislators.   Recently, State Senator Leno sponsored SB 890 which would require debt collectors to provide real documentary evidence before suing.  Full text of the bill can be found at http://legiscan.com/gaits/text/187340.

25.   With this goal in mind, Defendants both submitted false, deceptive, and misleading statements to the state court and the state court judge in that state matter to the effect that Plaintiff had previously entered into an "Account Stated" when, in fact, that was not the case and Defendants knew, or should have known, that was not the case.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

26. In the state court case, CACH and Blush brought causes of action for Breach of Contract, Common Counts, and Account Stated, based on an alleged financial obligation between Plaintiff and CACH or its predecessors in interest.

27. These causes of action have no merit, or evidentiary support, and rely instead on false, deceptive, and misleading statements made in the state complaint, and were brought for the purpose of coercing Plaintiff to pay this alleged debt.

28. In the complaint filed in state court, CACH and Blush stated that an "Account Stated" had previously been entered into between Plaintiff and CACH, LLC, or its predecessors in interest, when in fact this was not true.

29. In the complaint filed in state court, CACH and Blush stated that Plaintiff had entered into an account stated "in writing" when in fact, CACH and Blush knew or should have known that this was untrue, and when in fact, CACH and Blush knew or should have known that no such writing existed.  Further, at no time did Defendants produce this "writing" as no such writing ever existed.  This communication to Plaintiff was a false, deceptive, and misleading statement related to collection of a debt and in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

30. At no time did CACH or Blush  have any evidence of said "writing," and this false, deceptive, and misleading statement was made only for the purposes of coercing payment from California consumers of little or no financial means or resources.

31. At no time did Plaintiff enter into an account stated with anyone regarding either of these accounts, and Defendants knew or should have known this was the case.

32. Through this state complaint, CACH and Blush used a false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an action under an account stated theory requires that parties forgo any previous bona fide contract between the parties, and in return enter into a new contract between them, which never happened in this matter, a fact that CACH and Blush either knew or should have reasonably known.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

33.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34.   Pursuant to Code of Civil Procedure § 128.7(b)(3), Blush also certified to Plaintiff and the court that CACH's allegations of account stated had evidentiary support, when in fact CACH and Blush did not possess any evidence of any account stated, which is a written contract.

35.   Through this false certification, Defendants deceived and misled, or attempted to deceive or mislead, Plaintiff and the state court.

36.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

37.   Had Blush believed in good faith that such evidence existed and could have eventually be obtained, Blush could have stated such in CACH's Complaint, in order to comply with CCP 128.7(b)(3).

38.   Instead, Blush chose to ignore CCP 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

39.   Through this conduct, Blush and CACH used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Blush and CACH violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40.   Through this conduct, Blush and CACH used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Blush and CACH violated 15 U.S.C. § 1692f.

///

///

///

///

///

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PRAYER FOR RELIEF**

44. **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

Dated:  August 21, 2012                          Respectfully submitted,

                                                 **KAZEROUNI LAW GROUP, APC**

                                                 By: ____/s/ Abbas Kazerounian____
                                                      ABBAS KAZEROUNIAN, ESQ.
                                                      ATTORNEY FOR PLAINTIFF


**TRIAL BY JURY**

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 21, 2012                           Respectfully submitted,

                                                 **KAZEROUNI LAW GROUP, APC**

                                                 By: ____**/s/ Abbas Kazerounian**____
                                                      ABBAS KAZEROUNIAN ESQ.
                                                      ATTORNEY FOR PLAINTIFF