**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Tod A. DiTommaso

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOD A. DITOMMASO,**<br><br>   Plaintiff,<br><br>v.<br><br>**CACH, LLC; AND, LAW OFFICE OF SUSAN ADDISON BLUSH, P.C.**<br><br>   Defendants. | **Case No.: 12-cv-02074-W-JMA**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**          PAGE 1 OF 9

**INTRODUCTION**

1. TOD A. DITOMMASO, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (individually as "CACH" or collectively as "Defendants" and LAW OFFICE OF SUSAN ADDISON BLUSH, P.C. (individually as "Blush" or collectively as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692(k).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

11. Plaintiff is a natural person who resides in the City of Los Angeles, State of California.

12. Defendant, CACH, is located in the City of Denver, State of Colorado.

13. Defendant, BLUSH, is located in the City of Montclair, State of California.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

19. Sometime before April 27, 2012, Plaintiff is alleged to have incurred certain financial obligations to CACH.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

22. Sometime thereafter, but before April 27, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debts. Plaintiff currently takes no position as to the validity of these alleged debts.

23. Subsequently, CACH, a debt collector pursuant to the California Rosenthal Act, retained BLUSH, also a debt collector pursuant to the FDCPA and the California Rosenthal Act, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

24. Pursuant to the instructions of CACH, BLUSH, in the name of CACH, then filed a state collections cases against Plaintiff on April 27, 2012 in the Beverly Hills Superior Court based on the consumer accounts that were allegedly in default, Case No. 12C01405.

25. The purpose of these cases was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to pay the alleged debt.

26. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

27. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

*Account Stated Activity*

28. In the state court case, Defendants brought a cause of action for Account Stated, based on the once alleged financial obligations between Plaintiff and CACH.

29. In bringing this action, Defendants factual allegations alleged that Plaintiff had previously entered into a new, written contract with CACH, or one of its predecessors in interest.

30. In reality, Plaintiff never entered into a new, written contract with CACH, or one of its predecessors in interest, and Plaintiff alleges that when Defendants represented that he had, Defendants were deliberately using false, deceptive, and misleading statements or means in an effort by Defendants to deceive Plaintiff, and the state court judge, for the purpose of denying Plaintiff his contractual remedies from any previous contract between himself and CACH, or one of its predecessors in interest.

31. Plaintiff alleges that Defendants knew that this claim of an Account Stated was not true when it made these allegations, and the reason for making these false, deceptive, and misleading allegations was to diminish the legal standard required by Defendants in the state action should Plaintiff default in that case.

32. Even though Defendants alleged in the state case that Plaintiff had previously entered in a new, written contract for an Account Stated, the truth is:

   a. At no time did Defendants, or one of its predecessors in interest, ever make an offer to Plaintiff to enter into an account stated in this matter.

   b. At no time did Plaintiff ever accept an offer by anyone to enter into an Account Stated agreement in this matter.

   c. At no time did Plaintiff and Defendants or one of its predecessors in interest ever discuss, contemplate, or otherwise engage in negotiations for consideration regarding an account stated.

   d. At no time did Plaintiff and any Defendant, or anyone else, ever agree to enter into an Account Stated regarding the alleged debt in the state action, and the reason Defendants falsely alleging Account Stated was to use false, deceptive, and misleading means to deny Plaintiff his legal rights.

33. At no time was there ever an agreed upon balance of the accounts in question in the state case, and even today there is not an agreed upon balance of the accounts, and the contrary factual representations to the state court and Plaintiff, by Defendants, were the false, deceptive, and misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10).

34. At no time was there ever an account which had been examined and accepted by the parties in the state case, and the contrary factual representations to the state court and Plaintiff by Defendants were the false, deceptive, and misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10).

35. At no time was there ever an admission that the account was correct, nor was there a balance struck, nor was it agreed that a balance was due and owing from one party to the other.

36. No Defendant has ever waived any contract between any Defendant and Plaintiff in favor of a new contract in the state action, including:

    a. BLUSH has never waived any contract allegedly entered into between CACH, or one of its predecessors in interest, and Plaintiff.

    b. CACH has never waived any contract allegedly entered into between CACH, or one of its predecessors in interest, and Plaintiff.

37. At no time did Defendants ever send, nor did Plaintiff ever receive from Defendants, any statements of account that included an element of finality.

38. At no time did Defendants ever send, nor did Plaintiff ever receive from Defendants, any statements of account that were intended to be an account stated.

39. At no time was there ever a final, conclusive, acknowledgment of an exact amount due, and contemplating all credits and offsets.

40. Even to this day, CACH alleges that a contract between Plaintiff and CACH was entered into prior to the filing of the state lawsuit, and that this contract is still in effect, and that is has never been waived, or replaced, and any contrary representation to the contrary is false.

41. In summary, at no time did Plaintiff ever agree to enter into an Account Stated with Defendant or one of its predecessors in interest, and the allegation by Defendants that this occurred is false, deceptive, and misleading.

42. This allegation of an Account Stated by Defendants is a false, deceptive, and misleading fraud on the state court designed to mislead the court and deny Plaintiff his contractual rights including, but not limited to, the right to engage in arbitration, or to recover attorneys' fees and costs, with regard to a dispute regarding this alleged debt.

43. Had Defendants not engaged in this false, deceptive, and misleading behavior, Plaintiff could have engaged an attorney, conducted discovery, retained experts, and otherwise

properly defend in the underlying case without fear of incurring the considerable expenses associate with such activities.

44. This Accounted Stated cause of action had no merit, or evidentiary support and was an attempt to collect a debt in violation of 15 U.S.C. § 1692f, and f(1).

45. Further, pursuant to Code of Civil Procedure § 128.7(b)(3), CACH and BLUSH certified to Plaintiff, and the state court, that CACH's allegations of account stated had evidentiary support, when in fact, CACH and BLUSH did not possess any evidence of any account stated, such as a new written contract.

46. Had Defendants believed in good faith that such evidence existed and could have eventually been obtained, Defendants could have stated such in its state complaint, thereby complying with CCP § 128.7(b)(3).  Instead, however, Defendants chose to ignore CCP § 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP § 128.7(b)(3).

47. Through this conduct, Defendant again used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. §§ 1692e; 1692e(10); 1692f; and, 1692f(1).

*Damages*

48. As a result of Defendants' illegal conduct, Plaintiff incurred necessary and reasonable attorney's fees and costs to defend the collection case in state court.

///
///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

## [AS TO ALL DEFENDANTS]

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

///
///
///
///
///
///

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**      PAGE 8 OF 9

- Any and all other relief that this Court deems just and proper.

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 6, 2012                          Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**

                                                      By:  **/s/ Abbas Kazerounian**
                                                                    ABBAS KAZEROUNIAN ESQ.
                                                                     ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705